[Doc. Nos. 6, 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID WEINSTEIN and CORINE WEINSTEIN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>JASON PULLAR, PATRICK R. NORRIS, ESQUIRE, and JOHN DOE 1-10 (fictitious persons responsible for the damages suffered by Plaintiffs),<br><br>Defendants. | Civil No. 13-4502 (AMD) |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are Defendants' motions to dismiss Plaintiffs' complaint for improper venue, lack of personal jurisdiction, or, in the alternative, to transfer this matter to the United States District Court for the Northern District of Georgia, Atlanta Division (Motion to Dismiss for Lack of Jurisdiction (hereinafter, "Pullar's Mot.") [Doc. No. 6]; Motion to Dismiss for Lack of Jurisdiction (hereinafter, "Norris's Mot.") [Doc. No. 8], 2.) In this action, the Court examines the Court's jurisdictional reach over out-of-state Defendants Jason Pullar and Patrick R. Norris, Esquire, in the context of alleged Fair Credit Reporting Act violations asserted by Plaintiffs David Weinstein and Corine Weinstein, residents of

New Jersey. The Court has considered the parties' submissions, and held oral argument on the pending motions on October 23, 2013. For the reasons set forth herein, the Court grants Defendants' motions in part, and shall dismiss this action for lack of personal jurisdiction.[1]

Plaintiffs filed the initial complaint in this action on July 25, 2013. (See Complaint [Doc. No. 1].) Plaintiffs David Weinstein and Corine Weinstein allege that, in November 2012, Defendant Pullar asked Defendant Norris "to review a contract between Pullar and Plaintiff David Weinstein," which is presently the subject of litigation in a pending matter in the Northern District of Georgia. (Id. at ¶ 8.) Plaintiffs further allege that, Defendant "Norris [purportedly] opened an account with AmSher Collections Agency, Inc.[,]" (id. at ¶ 9), and then "conspired with [Defendant Pullar] to use the Collections [Agency] to run illegal credit inquiries and [to] request consumer reports" regarding Plaintiffs. (Id. at ¶ 12.) Plaintiffs specifically allege that Defendants "obtained Plaintiffs' consumer reports through AmSher from Experian under false pretenses and knowingly without a permissible purpose[,]" in violation of the Fair Credit Reporting Act (hereinafter,

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey. (See Consent to Jurisdiction [Doc. No. 12], 1.)

"FCRA"), 15 U.S.C. §§ 1681n, 1681o. (Id. at ¶ 19-25.) Plaintiffs assert that these inquiries caused harm to Plaintiffs' "credit history," "credit worthiness[,]" (id. at ¶ 14), in addition to causing "emotional distress, including anxiety, frustration, embarrassment[,] and humiliation." (Id. at ¶ 16.) Plaintiffs seek monetary damages for Defendants' purported violation of the FCRA, in addition to damages for Plaintiffs' emotional distress. (See generally id. at ¶ 16.)

Defendants separately move to dismiss Plaintiffs' complaint or, alternatively, to transfer this action to the United States District Court for the Northern District of Georgia. Defendants assert substantively identical arguments in support of the pending motions. Defendant Pullar asserts that "Plaintiffs have failed to establish" that Defendant Pullar possesses "the requisite [minimum] contacts" necessary for the Court to exercise personal jurisdiction. (Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue or, in the Alternative, Transfer Venue (hereinafter, "Pullar's Br.") [Doc. No. 6-2], 3.) Consequently, Defendant Pullar contends that venue is defective in the District of New Jersey, and that "this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2)[.]" (Id.) In the alternative, Defendant Pullar asserts that this action should be transferred to "the proper

venue for this matter" in the Northern District of Georgia because "all events leading up to this litigation" purportedly occurred in Georgia. (Id.)

Defendant Norris also contends that this action should be dismissed because the Court lacks "the requisite minimum contacts" to "assert[] personal jurisdiction" over Defendant Norris. (Brief of Defendant Patrick R. Norris, Esq. in Support of his Motion to Dismiss pursuant to F.R.C.P. 12(B)(6) for Lack of Personal Jurisdiction, or in the Alternative Motion to Transfer (hereinafter, "Norris's Br.") [Doc. No. 8-1], 2.) Defendant Norris specifically asserts that because "Norris has no residence, property," "office in New Jersey or any other physical presence[,]" "no New Jersey bank account[,]" and "no New Jersey-based employees[,]" Plaintiffs' "factually devoid allegations fail to satisfy" Plaintiffs' burden "to establish personal jurisdiction over Norris[,]" (Id. at 7), and derivatively, that this District constitutes an improper venue "under 28 U.S.C. § 1406(a)[.]" (Id. at 9.) In the alternative, Defendant Norris contends that transfer of this action to the Northern District of Georgia[2] would be "in the interest of

[2] In one portion of Defendant Norris's brief, Defendant asserts that the "Middle District of Georgia" would be the appropriate venue for this action. (See, e.g., id. at 1.) Notwithstanding this reference to the Middle District of Georgia, the Court finds Defendant Norris's request to be that this action be transferred to the Northern District of Georgia. (See, e.g., id. at 9.)

justice" and for the "'convenience of parties'" because both Defendants reside in Georgia, "[t]he majority of witnesses will likely be in Georgia[,]" and because the "already pending litigation" in the Northern District of Georgia "aris[es] out of the same facts and circumstances." (Id. at 9-10 (citation omitted).)

In response to these motions, Plaintiffs generally assert that jurisdiction exists "in New Jersey" by virtue of Defendants' "violation of the FCRA[,]" which was "calculated to cause injury to residents of New Jersey[.]" (Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer (hereinafter, "Pls.' Opp'n") [Doc. No. 11], 4.) Plaintiffs specifically assert that Court may exercise personal jurisdiction over Defendants because FCRA case law confers jurisdiction over "a non-resident defendant [who] obtains credit reports without the permission of the resident plaintiff." (Id. at 3, 5.)

Defendants dispute that that the alleged FCRA violation creates specific jurisdiction. (Reply Brief of Defendant Patrick R. Norris, Esq. in Support of his Motion to Dismiss pursuant to F.R.C.P. 12(B)(6) for Lack of Personal Jurisdiction, or in the Alternative Transfer to the Northern District of Georgia (hereinafter, "Norris's Reply") [Doc. No.

14], 3; Reply Brief of Defendant Jason Pullar in Support of his Motion to Dismiss pursuant to F.R.C.P. 12(B)(6) for Lack of Personal Jurisdiction, or in the Alternative Transfer to the Northern District of Georgia (hereinafter, “Pullar’s Reply”) [Doc. No. 15], 4.) Although asserting that case law evinces “no universe accord” with respect to whether an FCRA violation supports the exercise of personal jurisdiction over a defendant, Defendants argue that the Court should analyze personal jurisdiction in accordance with the “‘effects test’” set forth in Calder v. Jones, 465 U.S. 783 (1984). (Norris’s Reply [Doc. No. 14], 4; Pullar’s Reply [Doc. No. 15], 4.) Defendants further assert that New Jersey is not “‘the focal point of the tortuous activity’ so as to support personal jurisdiction over Norris for activities that took place in Georgia and/or Alabama.” (Norris’s Reply [Doc. No. 14], 6 (citations omitted); Pullar’s Reply [Doc. No. 15], 5 (citations omitted).) Consequently, Defendants assert that Georgia, rather than New Jersey, constitutes the appropriate forum for this action. (See generally Norris’s Reply [Doc. No. 14], 10-11; Pullar’s Reply [Doc. No. 15], 8.)

Defendants’ alleged wrongful conduct in obtaining Plaintiffs’ credit reports relates, in part, to a contract dispute that is currently the subject of pending litigation in the Northern District of Georgia. (See Complaint [Doc. No. 1],

¶ 8.) On January 23, 2012, Defendant Pullar filed a complaint in the United States District Court for the Northern District of Georgia generally alleging, in part, that Plaintiffs, among others, "refused and failed" to deliver the certain billing, collection, and answering services accounts in breach of an asset purchase agreement dated June 15, 2012. (Id. at ¶¶ 26, 65-70.) In the Georgia action, Defendant Pullar further alleges that Plaintiffs fraudulently induced Defendant Pullar into executing the asset purchase agreement through "representations regarding the value of the Accounts and, specifically, the monies [] Pullar would collect from such accounts[.]" (Id. at ¶ 78.) As set forth supra, Plaintiffs allege in this action that Defendants unlawfully "obtained" Plaintiffs' "consumer reports[,]" in violation of the FCRA. (Complaint [Doc. No. 1], ¶¶ 19-25.)

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the district court must accept all of the "'plaintiff's allegations as true'" and "'construe disputed facts in favor of the plaintiff.'" Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citation omitted)). However, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton v.

Martin, 133 F. App'x 859, 860 (3d Cir. 2005) (citing Carteret Sav. Bank, FA v. Shushan, 954 F. 2d 141, 145 (3d Cir. 1992)). A plaintiff must sustain its burden to establish a prima facie case of personal jurisdiction through sworn "'affidavits or other competent evidence[,]'" Metcalfe, 566 F.3d at 330 (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)), because "'[a] Rule 12(b)(2) motion'" necessarily "'requires resolution of factual issues outside the pleadings.'" Northstar Marine, Inc. v. R & A Marine, Inc., No. 12-4438, 2013 WL 3873232, at *2 (D.N.J. July 25, 2013) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)). Therefore, in response to a motion to dismiss for lack of personal jurisdiction, "'plaintiff must respond with actual proofs'" and "may not 'rely on the bare pleadings[,]'" without more. Edelson V, L.P. v. Encore Networks, Inc., No. 11-5802, 2012 WL 4889439, at *1 (D.N.J. Aug. 13, 2012) (quoting Patterson ex rel. Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990)), adopted by, 2012 WL 4891695 (D.N.J. Oct. 12, 2013).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e)). New Jersey's long arm statute confers jurisdiction "coextensive with the due process requirements of the United States Constitution." Id.

(quoting N.J. Court Rule 4:4-4(c)). Thus, parties with "constitutionally sufficient 'minimum contacts'" may properly be subject to suit in this District. Id. (quoting Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 149 (3d Cir. 2002)). At oral argument, Plaintiffs conceded that Defendants do not have the requisite "continuous and systematic" contacts with New Jersey to subject Defendants to general jurisdiction in this forum. See generally Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 n.1 (3d Cir. 2002) (noting that general jurisdiction requires the defendant's contacts with the forum to be "continuous and systematic"). Rather, Plaintiffs assert that the Court may exercise personal jurisdiction over Defendants because Defendants "purposefully caused an 'event' to occur in New Jersey[,]" which Defendants purportedly "calculated to cause injury to residents of New Jersey." (Pls.' Opp'n [Doc. No. 11], 4.) Therefore, the Court must consider whether the nature of Defendants' alleged actions suffice to confer specific personal jurisdiction over the Defendants.

Generally, in order to establish specific jurisdiction, "the defendant must have 'purposefully directed [its] activities' at the forum[,]" O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)), "the litigation must 'arise out of or relate to' at least one of those activities[,]"

Id. (citations omitted), and then, assuming satisfaction of “the prior two requirements[,]” a court considers “whether the exercise of jurisdiction otherwise ‘comport[s] with ‘fair play and substantial justice.’’” Id. (citations omitted). Where the plaintiff alleges that a defendant committed an intentional tort, as here, “the plaintiff may establish specific jurisdiction under the ‘effects test’” set forth by the United States Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). Edelson, 2012 WL 4889439, at *3 (citing Calder, 465 U.S. 783). Under that test, a plaintiff must demonstrate that: “(1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.” Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007) (citing IMO Indus. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998)). Therefore, a plaintiff must establish that the defendant “‘knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and [must] point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.’” Id. (quoting IMO Indus., 155 F.3d at 266) (citation omitted)).

"[T]he state of a plaintiff's residence does not[,]" without more, "create jurisdiction over nonresident defendants." Id. Rather, a plaintiff must allege "'specific facts showing a deliberate targeting of [the forum][.]'" LaSala v. Marfin Popular Bank Public Co., Ltd., 410 F. App'x 474, 477 (3d Cir. 2011) (quoting Marten, 499 F.3d at 298). Consequently, "[i]f a plaintiff fails to show that the defendant ''manifest[ed] behavior intentionally targeted at and focused on' the forum,' the plaintiff fails to establish jurisdiction under the effects test." Marten, 499 F.3d at 298 (internal citations omitted).

In this case, Plaintiffs assert that the Court may exercise personal jurisdiction over Defendants because Defendants "purposefully caused an 'event' to occur in New Jersey[,]" and purportedly "calculated [that event] to cause injury to residents of New Jersey." (Pls.' Opp'n [Doc. No. 11], 4.) In reliance on case law from other circuits, including the Ninth Circuit opinion of Myers v. Bennett Law Offices, 238 F.3d 1068 (9th Cir. 2001), Plaintiffs assert that the Court may permissibly exercise personal jurisdiction over Defendants. (Id. at 5.) In Myers, the Ninth Circuit reversed the lower court's ruling that the court lacked personal jurisdiction over a defendant in an FCRA action. Id. at 1076. Specifically, the Ninth Circuit considered whether the defendant's act in Utah of obtaining the credit report of a Nevada resident sufficed to

confer personal jurisdiction over a defendant in the District of Nevada. Id. at 1071. In reliance on the Ninth Circuit's jurisprudence interpreting the Calder "effects test[,]" Myers concluded that Nevada constituted the "'focal point both of the'" credit report inquiry and the location where plaintiff suffered "'the brunt'" of plaintiff's "'emotional distress[.]'" Id. at 1074-75 (citation omitted). The Ninth Circuit therefore found that the defendant "purposefully availed itself of Nevada by 'intentionally direct[ing] [defendant's] activities into [Nevada]'" and that defendant "failed to meet its burden" to demonstrate that the "exercise of personal jurisdiction" in Nevada would be unreasonable. Id. at 1075 (citation omitted).

Unlike Myers, the Third Circuit's interpretation of the Calder "effects test prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that [the plaintiff] felt in the forum state[.]" Marten, 499 F.3d at 297. The mere allegation that the plaintiff "experience[s] the injury" caused by defendant's allegedly tortious conduct does not, without more, show that defendant "'expressly aimed' its conduct at New Jersey." IMO Indus., 155 F.3d at 265 n.8 (citation omitted). Plaintiffs must therefore show that Defendants "'manifest[ed] behavior intentionally targeted at and focused on' [New Jersey] for Calder to be satisfied." IMO Indust., 155 F.3d at 265 (quoting ESAB Grp. v.

Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)). For example, in Marten v. Godwin, the plaintiff, a resident of Pennsylvania, asserted claims for defamation and retaliation against nonresident defendants in the Eastern District of Pennsylvania. Notwithstanding plaintiff's assertion that Pennsylvania constituted the focal point of the harm caused by defendants' defamatory remarks, the district court dismissed plaintiff's action for lack of personal jurisdiction. 499 F.3d at 294. The Third Circuit affirmed the district court's determination and concluded that, even if plaintiff "felt the brunt of the harm in Pennsylvania," "nothing in the record indicate[d] that defendants made defamatory statements or sent defamatory material to anyone in Pennsylvania (other than, perhaps, [Plaintiff])." Id. at 298-299. Consequently, the Marten court held that Plaintiff "failed to show jurisdiction over these [nonresident] defendants" because plaintiff "failed to allege any specific facts showing a deliberate targeting of Pennsylvania." Id. at 298. Much like Marten, Plaintiffs in this action have not alleged "specific facts" to "show[] a deliberate [or express] targeting of" New Jersey. LaSala, 410 F. App'x at 477 (quoting Marten, 499 F.3d at 298). Instead, Plaintiffs assert that they suffered the effects of Defendants' tortious conduct in New Jersey, where Plaintiffs reside. (Pls.' Opp'n [Doc. No. 11], 4.) However, merely "experienc[ing] the

injury" in the state of Plaintiffs' residence, without more, fails to demonstrate that Defendants "'expressly aimed' [their] conduct at New Jersey." IMO Indus., 155 F.3d at 265 n.8 (finding letters mailed to New York insufficient to demonstrate that defendant expressly aimed its tortious conduct at New Jersey, even though "it was reasonably foreseeable that [the letters] would wind up New Jersey"); see also Marten, 499 F.3d at 298 (noting that "the state of a plaintiff's residence does not[,]" without more, "create jurisdiction over nonresident defendants"). Similarly, in Agbottah v. Orange Lake Country Club, No. 12-1019, 2012 WL 2679440 (D.N.J. July 6, 2012), the court considered whether there was personal jurisdiction over a nonresident defendant that purportedly filed a false credit report about the New Jersey plaintiff with Experian, a nationwide credit reporting agency. Id. at *4. In Agbottah, plaintiffs asserted that New Jersey constituted the focal point of the harm because defendant's filing of the false credit report allegedly caused "severe financial harm" to plaintiffs in New Jersey. Id. at *5. The Agbottah court found plaintiffs' allegations "patently insufficient to invoke the [Calder] 'effects test'" because plaintiffs failed to establish any "direct targeting towards New Jersey." Id. (quoting IMO Indus., 155 F.3d at 261). The Court likewise concludes that Plaintiffs' allegations concerning the effects of the allegedly tortious

conduct are insufficient to establish express targeting of harm at New Jersey and to subject the nonresident Defendants to this Court's jurisdiction. See Marten, 499 F.3d at 299 (finding that the Eastern District of Pennsylvania did not have jurisdiction over the defendants because plaintiff "failed to show specific activity indicating the defendants 'expressly aimed' their conduct at Pennsylvania"); Edelson, 2012 WL 4889439, at *5-*6 (finding defendant's alleged fraudulent misrepresentations insufficient to demonstrate that defendant "expressly aimed" defendant's conduct at New Jersey or "manifested behavior intentionally targeted at and focused on the forum").

Nor have Plaintiffs proffered any other facts to establish a direct targeting of this forum. Indeed, Plaintiffs proffer no set of specific jurisdictional facts. (See generally Complaint [Doc. No. 1].) Rather, as set forth supra, Plaintiffs rely upon the minimal allegations concerning Defendants' FCRA violations and the purported effects of those violations. (See Complaint [Doc. No. 1], ¶¶ 7-18.) Defendants proffered specific facts concerning their lack of jurisdictional contacts with this forum. (Norris's Mot. [Doc. No. 8-5], Ex. C, ¶¶ 1-23; Pullar's Br.") [Doc. No. 6-2], 1-3; Norris's Reply [Doc. No. 14-2], Ex. A, 2-4.) By way of example, Defendant Norris specifically asserted that he has "not availed" himself "of the privilege of conducting any activities in New Jersey," and that "[a]ny

witness" concerning "the allegations [set forth] in [P]laintiff[s'] complaint" would be "located in Georgia or Alabama." (Norris's Mot. [Doc. No. 8-5], Ex. C, ¶¶ 20, 22.) Plaintiffs cannot establish personal jurisdiction through reliance on the "'bare pleadings[,]'" Northstar Marine, Inc. v. R & A Marine, LLC, No. 12-4438, 2013 WL 3873232, at *1 (D.N.J. July 25, 2013) (citing Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)), and must instead present sworn "affidavits or other competent evidence." Northstar, 2013 WL 3873232, at *1 (citing Time Share, 735 F.2d at 67 n.9). Plaintiffs have proffered neither sworn affidavits nor other competent evidence to establish any alternative ground on which the Court could exercise jurisdiction over the nonresident Defendants. Therefore, the Court finds that Plaintiffs have failed to support an exercise of personal jurisdiction over these nonresident Defendants. See Ispec, Inc. v. Tex R.L. Indus. Co., No. 12-4339, 2013 WL 5436538, at *3 (D.N.J. Sept. 27, 2013) (dismissing certain defendants where plaintiff failed to meet "its burden of proving facts sufficient to establish personal jurisdiction").

Consequently, for the reasons set forth herein, the Court finds no personal jurisdiction over Defendants and dismisses this action. In addition, having found no personal jurisdiction over Defendants, the Court need not address

Defendants' arguments concerning transfer of this action. (See generally Pullar's Br. [Doc. No. 6-2], 3; Norris's Br.") [Doc. No. 8-1], 9-10.) See also Jakks Pac., Inc. v. Conte, No. 11-479, 2011 WL 6934856, at *1 n.1 (D.N.J. Dec. 30, 2011) (citation omitted) ("Since the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to address Defendants' alternative arguments, *i.e.*, dismissal for improper venue as well as transfer for the convenience of the parties and witnesses.").

IT IS on this 19th day of December 2013,

**ORDERED** that Defendants' motions [Doc. Nos. 6, 8] shall be, and hereby are, **GRANTED IN PART**; and it is further

**ORDERED** that this matter shall be, and hereby is, **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE